IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MEGAN PONTON, f/k/a MEGAN LAURO, Individually and as Next Friend of M.L., a minor child, </br></br>　　　　Plaintiff,</br></br>v.</br></br>THE CITY OF OKLAHOMA CITY, ex rel. OKLAHOMA CITY POLICE DEPARTMENT; OFFICERS JOHN and/or JANE DOES of the OKLAHOMA CITY POLICE DEPARTMENT in their official and individual capacities; and MARY ELIZABETH IRENE, an individual,</br></br>　　　　Defendants. | </br></br></br></br></br></br>Case No. CIV-2025-49-G</br></br></br></br></br></br>JURY TRIAL DEMANDED |

### ANSWER OF DEFENDANT CITY
### TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant the City of Oklahoma City ("Defendant City") and answers the Complaint filed herein as follows:

1. In response to ¶ 1, Defendant City states that Plaintiff's citizenship and residence is unknown, and City is without sufficient knowledge to admit or deny the allegations; therefore, it is denied.

2. In response to ¶ 2, Defendant City states that Plaintiff's former citizenship and residence is unknown, and City is without sufficient knowledge to admit or deny the allegations; therefore, it is denied.

3. Defendant City admits ¶ 3.

4. To the extent ¶ 4 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny the residence of any unknown individual. However, any material allegation intended against this Defendant is denied and further any named or unnamed police officers operating in their official capacity lack individual capacity to be sued by Plaintiff as they are not policy makers for Defendant City.

5. In response to ¶ 5, Defendant City states that Defendant Mary Elizabeth Irene's citizenship and residence is unknown, and City is without sufficient knowledge to admit or deny the allegations; therefore, it is denied.

6. To the extent ¶ 6 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied.

7. In reference to ¶ 7, Defendant acknowledges that Plaintiff has made claims arising under 42 U.S.C. § 1983, as well as the Fourteenth Amendment, and State Law, and subject matter jurisdiction is proper with this Court.

8. To the extent ¶ 8 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied.

9. Defendant City admits ¶ 9.

10. Defendant City admits ¶ 10.

11. Defendant City admits ¶ 11.

12. Defendant City admits ¶ 12.

13. Paragraph 13 does not require a response from Defendant City. To the extent ¶ 13 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

14. Paragraph 14 does not require a response from Defendant City. To the extent ¶ 14 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

15. Paragraph 15 does not require a response from Defendant City. To the extent ¶ 15 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

16. Paragraph 16 does not require a response from Defendant City. To the extent ¶ 16 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

17. Paragraph 17 does not require a response from Defendant City. To the extent ¶ 17 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

18. Paragraph 18 does not require a response from Defendant City. To the extent ¶ 18 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to

admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

19. Paragraph 19 does not require a response from Defendant City. To the extent ¶ 19 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

20. Paragraph 20 does not require a response from Defendant City. To the extent ¶ 20 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

21. Paragraph 21 does not require a response from Defendant City. To the extent ¶ 21 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

22. Paragraph 22 does not require a response from Defendant City. To the extent ¶ 22 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

23. Paragraph 23 does not require a response from Defendant City. To the extent ¶ 23 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

24. Paragraph 24 does not require a response from Defendant City. To the extent ¶ 24 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

25. Paragraph 25 does not require a response from Defendant City. To the extent ¶ 25 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

26. Paragraph 26 does not require a response from Defendant City. To the extent ¶ 26 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

27. Paragraph 27 does not require a response from Defendant City. To the extent ¶ 27 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

28. Paragraph 28 does not require a response from Defendant City. To the extent ¶ 28 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

29. Paragraph 29 does not require a response from Defendant City. To the extent ¶ 29 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to

admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

30. Paragraph 30 does not require a response from Defendant City. To the extent ¶ 30 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

31. Paragraph 31 does not require a response from Defendant City. To the extent ¶ 31 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

32. Paragraph 32 does not require a response from Defendant City. To the extent ¶ 32 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

33. Paragraph 33 does not require a response from Defendant City. To the extent ¶ 33 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

34. Paragraph 34 does not require a response from Defendant City. To the extent ¶ 34 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

35. Paragraph 35 does not require a response from Defendant City. To the extent ¶ 35 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

36. Paragraph 36 does not require a response from Defendant City. To the extent ¶ 36 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

37. Paragraph 37 does not require a response from Defendant City. To the extent ¶ 37 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

38. Paragraph 38 does not require a response from Defendant City. To the extent ¶ 38 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

39. Paragraph 39 does not require a response from Defendant City. To the extent ¶ 39 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

40. Paragraph 40 does not require a response from Defendant City. To the extent ¶ 40 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to

admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

41. Paragraph 41 does not require a response from Defendant City. To the extent ¶ 41 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

42. Paragraph 42 does not require a response from Defendant City. To the extent ¶ 42 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

43. Paragraph 43 does not require a response from Defendant City. To the extent ¶ 43 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

44. Paragraph 44 does not require a response from Defendant City. To the extent ¶ 44 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

45. Paragraph 45 does not require a response from Defendant City. To the extent ¶ 45 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

46. Paragraph 46 does not require a response from Defendant City. To the extent ¶ 46 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

47. Paragraph 47 does not require a response from Defendant City. To the extent ¶ 47is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

48. Paragraph 48 does not require a response from Defendant City. To the extent ¶ 48 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

49. Paragraph 49 does not require a response from Defendant City. To the extent ¶ 49 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

50. Paragraph 50 does not require a response from Defendant City. To the extent ¶ 50 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

51. Paragraph 51 does not require a response from Defendant City. To the extent ¶ 51 is intended to pertain to this Defendant, Defilant is without sufficient knowledge to

admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

52.     Paragraph 52 does not require a response from Defendant City. To the extent ¶ 52 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

53.     Paragraph 53 does not require a response from Defendant City. To the extent ¶ 53 is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

54.     Paragraph 54 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

55.     Paragraph 55 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

56.     Paragraph 56 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

57. Paragraph 57 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

58. Paragraph 58 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

59. Paragraph 59 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

60. Paragraph 60 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

61. Paragraph 61 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

62. Paragraph 62 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to

admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

63. Paragraph 63 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

64. Paragraph 64 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

65. Paragraph 65 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

66. Paragraph 66 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

67. Paragraph 67 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

68. Paragraph 68 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

69. Paragraph 69 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

70. Paragraph 70 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

71. Paragraph 71 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

72. Paragraph 72 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

73. Paragraph 73 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to

admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

74. Paragraph 74 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

75. Paragraph 75 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

76. Paragraph 76 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

77. Paragraph 77 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

78. Paragraph 79 does not require a response from Defendant City. To the extent it is intended to pertain to this Defendant, Defendant is without sufficient knowledge to admit or deny. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

79. Defendant admits ¶ 79.

80. Defendant is without sufficient information to admit or deny ¶ 80, 81, and 82, to the extent ¶ 80 through 82 without knowing the named Officers. Any officers involved were though operating and acting as employees of the City Of Oklahoma City. However, any material allegation intended against this Defendant is denied and strict proof thereof is demanded.

81. Defendant denies ¶ 83 and demands strict proof thereof.

82. Defendant denies ¶ 84 and demands strict proof thereof.

83. Defendant denies ¶ 85 and demands strict proof thereof.

84. Defendant denies ¶ 86 and demands strict proof thereof.

85. Defendant denies ¶ 87 and demands strict proof thereof

86. Defendant denies ¶ 88 and demands strict proof thereof

87. Paragraph 89 calls for a legal conclusion and as such does not require an answer. To the extent it does require an answer, Defendant denies ¶ 89 and demands strict proof thereof.

88. Defendant denies ¶ 90 and demands strict proof thereof.

89. Defendant denies ¶ 91 and demands strict proof thereof.

90. Defendant denies ¶ 92 and demands strict proof thereof.

91. Defendant denies ¶ 93 and demands strict proof thereof.

92. Defendant denies ¶ 94 and demands strict proof thereof.

93. Defendant denies ¶ 95 and demands strict proof thereof.

94. Defendant denies ¶ 96 and demands strict proof thereof.

95. Defendant denies ¶ 97 and demands strict proof thereof.

96. Defendant denies ¶ 98 and demands strict proof thereof.

97. Defendant denies ¶ 99 and demands strict proof thereof.

98. Paragraph 100 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 100 as written.

99. Paragraph 101 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 101 as written.

100. Paragraph 102 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 102 as written.

101. Paragraph 103 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 103 as written

102. Paragraph 104 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 104 as written.

103. Paragraph 105 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 105 as written.

104. Paragraph 106 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 106 as written.

105. Paragraph 107 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 107 as written.

106. Paragraph 108 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 108 as written.

107.    Paragraph 109 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 109 as written.

108.    Paragraph 110 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 110 as written.

109.    Paragraph 111 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 111 as written.

110.    Paragraph 112 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 112 as written.

111.    Paragraph 113 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 113 as written.

112.    Paragraph 114 does not contain allegations against Defendant City. To the extent a response is required, City denies paragraph 114 as written.

## **AFFIRMATIVE DEFENSES**

COMES NOW, a Defendant, the City of Oklahoma City, and for its Affirmative Defenses states as follows:

1.  Plaintiff has failed to state a cause of action against Defendants upon which relief can be granted.

2.  Plaintiff cannot produce any policy or custom of The City of Oklahoma City which has deprived them of any rights or privileges granted under the United States Constitution, or any other law or policy of the United States, the State of Oklahoma or The City of Oklahoma City.

3. Plaintiff cannot prove any individual policymaker, supervisory employee, or The City of Oklahoma City had any intent to deprive Plaintiff of any rights or privileges granted under the United States Constitution, the law of the United States, the law of the State of Oklahoma, or the ordinances, policies, procedures, rules or regulations of The City of Oklahoma City.

4. Defendants contend that Plaintiff's own conduct and actions caused or encouraged any damages he may have sustained; alternatively, Plaintiff failed to mitigate damages.

5. Defendant City is not liable under state or federal law for the actions of its employees which are outside the scope of their employment.

6. Defendants contend that Plaintiff's claims as to Defendant City are without merit and they will be entitled to recover all costs and attorney's fees expended in the defense of this lawsuit should Defendants be prevailing parties in this action.

7. Defendants' reserve the right to assert any additional affirmative defenses which may be disclosed during the course of discovery in this action including up and until the date the actual trial begins.

8. Defendants should be named with sufficient identifying information should be entitled to qualified immunity.

9. All actions taken in regard to Plaintiff were justified, lawful and were done as a legitimate business reason and all actions were reasonable, necessary, prudent, and lawful.

10. Any state law claim against Defendant City is governed by the limitations and exemptions contained in the GTCA, 51 O.S. §151 *et seq* and Defendant City is exempt from liability and/or its liability is limited pursuant to the GTCA, 51 O.S. § 151, *et seq*.

**WHEREFORE**, having fully answered the allegations of the Plaintiff, Defendant City prays the Court deny any relief to the Plaintiff and enter judgment in favor of the Defendant.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

Sherri R. Katz
Litigation Division Head

By:     /s/ Jeramy W. Jarman
Jeramy W. Jarman, OBA # 20508
Katie Goff, OBA# 32402
Assistant Municipal Counselors
200 North Walker, Suite 400
Oklahoma City, Oklahoma 73102
Phone: (405) 297-2451
Fax: (405) 297-3851
Email: jeramy.jarman@okc.gov
    Katie.goff@okc.gov
*Attorneys for Defendant City*

## **CERTIFICATE OF SERVICE**

  This is to certify that on the _____ day of January, 2025, a true and correct copy of the above and foregoing Answer was transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Milly Daniels
1435 N. Rockwell Ave
Oklahoma City, OK 73127
milly@millydanielslaw.com

                /s/ Jeramy W. Jarman
                Assistant Municipal Counselor