# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MEGAN PONTON, f/k/a MEGAN LAURO, individually and as Next Friend of M.L., a minor child,<br><br>  Plaintiff,<br><br>v.<br><br>THE CITY OF OKLAHOMA CITY ex rel. OKLAHOMA CITY POLICE DEPARTMENT; OFFICERS JOHN and/or JANE DOES of the OKLAHOMA CITY POLICE DEPARTMENT in their official and individual capacities; and MARY ELIZABETH IRENE, an individual,<br><br>  Defendants. | Case No. CIV-2025-49-G |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: April 1, 2025

Appearing for Plaintiff
Kindra Dotson
Madison King

Appearing for Defendant Mary Elizabeth Irene
Michael Woodson, OBA No. 16347
Chelsi Bonano, OBA No. 34627
920 N. Harvey Ave
Oklahoma City, OK 73102
mwoodson@dlb.net
cbonano@dlb.net

Appearing for Defendant City of Oklahoma City
Katie Goff, OBA No. 32402
Sherri Katz, OBA No. 14551
Jeramy Jarman, OBA No. 20508

200 N. Walker, Suite 400
Oklahoma City, Oklahoma 73102
(405) 297-2451
katie.goff@okc.gov
sherri.katz@okc.gov
jeramy.jarman@okc.gov

**Jury Trial Demanded**

1. **BRIEF PRELIMINARY STATEMENT**

   Plaintiff: Megan Ponton (Plaintiff Ponton) was formerly married to Andrew Lauro (Lauro), the biological father of M.L., and that Lauro had a habit of driving while intoxicated and often with ML as a passenger. Plaintiff further alleges that although Lauro's conduct was known to Oklahoma City Police Department (Defendant OCPD), when they made contact with an intoxicated Lauro behind the wheel, he was not detained, arrested, or charged with any crime on those occasions.

   Subsequently, Plaintiff alleges that Lauro and Mary Irene (Defendant Irene) became romantically involved. In July 2023, Lauro was arrested by OCPD for Driving Under the Influence and Child Endangerment for operating a motor vehicle while intoxicated with M.L. in the passenger's seat. Plaintiff alleges that Defendant Irene appeared at the site of the arrest and OCPD allegedly relinquished custody of M.L. to Defendant Irene. Plaintiff alleges Oklahoma Highway Patrol later attempted to pull Defendant Irene over, but she refused to stop, and a high-speed chase ensued which ended when Defendant Irene crashed into a barrier. M.L. was in Defendant Irene's vehicle. Defendant Irene was charged with felony Endangering Others while Eluding a Peace Officer in violation of 21 O.S. §540A(B).

   Defendant City: The City denies any and all allegations against it or its officers arising from this set of alleged facts.

   Defendant Irene: Plaintiff and Mr. Andrew Lauro (Irene's current husband) are involved in an ongoing custody dispute involving Plaintiff's minor, M.L. It appears Plaintiff is attempting to re-litigate a significant portion of the divorce and custody issues in this matter, which the Defendant maintains are irrelevant. While Defendant admits a single vehicle accident occurred while she was driving and M.L. was a passenger, the allegations of a "police chase" and any basis for punitive damages are denied. Further, the Defendant denies that Plaintiff's minor suffered injury as a direct result of the single vehicle accident.

2. **JURISDICTION**   Jurisdiction is invoked pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the Complaint raises Constitutional Claims. Supplemental Jurisdiction over the negligence claims is additionally invoked.

3. **STIPULATED FACTS**   List stipulations as to all facts that are not disputed, including jurisdictional facts.

    a.   Jurisdiction and Venue are proper.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**

    a.   Plaintiff:   Plaintiff alleges Defendant Irene was negligent and grossly negligent in her conduct with respect to M.L. Plaintiff alleges Defendant City violated Plaintiff's rights under §1983 while acting under color of state law. Plaintiff alleges physical and mental injury as the result of Defendants' actions.

    b.   Defendant City:   The City does not have any claim for damages; however, the City will seek attorney's fees and costs in this matter if applicable. Further, City's contentions include:

    1. Plaintiff has failed to state a claim against Defendant City.
    2. Plaintiff cannot produce any policy or custom of The City of Oklahoma City which has deprived them of any rights or privileges granted under the United States Constitution, or any other law or policy of the United States, the State of Oklahoma or The City of Oklahoma City.
    3. Plaintiff cannot prove any individual policymaker, supervisory employee, or The City of Oklahoma City had any intent to deprive Plaintiff of any rights or privileges granted under the United States Constitution, the law of the United States, the law of the State of Oklahoma, or the ordinances, policies, procedures, rules or regulations of The City of Oklahoma City.
    4. Plaintiff was contributory negligent.
    5. Plaintiff failed to mitigate her damages.
    6. Qualified Immunity.
    7. GTCA limits and exemptions.
    8. City reserves the right to assert additional contentions as discovery is ongoing.

    c.   Defendant Irene:   Defendant Irene denies negligence, gross negligence and that punitive damages are warranted. The single vehicle accident serving as the basis for Plaintiff's claim against this Defendant was the result of a sudden

emergency and/or unavoidable accident. Defendant Irene denies Plaintiff's minor suffered physical or mental injury because of Irene's actions.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?   No

6. **MOTIONS PENDING AND/OR ANTICIPATED**

    The City of Oklahoma City anticipates filing a dispositive motion.

    Defendant Irene anticipates filing dispositive motion(s), including but not limited to the claim of gross negligence and punitive damages.

    The parties anticipate filing a Joint Motion for a Protective Order.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? No
If "no," by what date will they be made? **April 15, 2025**

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on March 10, 2025.

    B. The parties anticipate that discovery should be completed within Twelve (12) months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Ten (10) Months.

    D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        X Yes ☐ No

    E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes ☐ No

To the extent the parties have made any agreement pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

The parties anticipate filing a Joint Motion for a Protective Order.

Defendant Irene currently anticipates Plaintiff's attempts to obtain discovery of her personal life, including past relationships, custody disputes, divorces, and other information which cannot possibly relate to the alleged police chase on July 23, 2023. Defendant Irene may request a protective order preventing Plaintiff from conducting intrusive discovery into her personal life, deposing her ex-spouses, and other discovery which is more properly reserved for the ongoing custody battle between Plaintiff and Mr. Lauro.

9. **ESTIMATED TRIAL TIME**      3-5 Days

10. **BIFURCATION REQUESTED** ☐ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**     ☐ Good    X Fair    ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes   ☐ No

    B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    X Judicial Settlement Conference
    ☐ Other _____
    ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?    ☐ Yes  X No

14. <u>Type of Scheduling Order Requested</u>.   X Standard  -  ☐ Specialized   (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 25th day of March 2025.

Respectfully submitted,

/s/Milly Daniels
Milly Daniels, OBA No. 31531
Madison King, OBA No.
MD Law
1435 N. Rockwell Ave
Oklahoma City, OK 73127
T: 405-768-2570
F: 405-446-8307
milly@millydanielslaw.com
madison@millydanielslaw.com
carmen@millydanielslaw.com
Attorneys for Plaintiff


/s/Katie Goff
Sherri R. Katz, OBA #14551
Jeramy W. Jarman, OBA #20508
Katie Goff, OBA #32402
Assistant Municipal Counselors
200 North Walker, Suite 400
Oklahoma City, Oklahoma 73102
Phone: (405) 297-2451
Fax: (405) 297-3851
katie.goff@okc.gov
jeramy.jarman@okc.gov
sherri.katz@okc.gov
Attorneys for Defendant City

*s/Chelsi Chaffin Bonano*
Michael Woodson, OBA #16347
Chelsi Chaffin Bonano, OBA #34627
Durbin Larimore & Bialick
920 N. Harvey Ave,
Oklahoma City, OK 73102
T: 405-235-9584
F: 405-235-0551
mwoodson@dlb.net
cbonano@dlb.net
Attorneys for Defendant Mary Elizabeth Irene