UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MEGAN PONTON, f/k/a MEGAN LAURO, Individually and as Next Friend of M.L., a minor child,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )  Case No. CIV-25-49-G |
| **THE CITY OF OKLAHOMA CITY** *ex rel.* **OKLAHOMA CITY POLICE DEPARTMENT et al.,** | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## ORDER

Plaintiff Megan Ponton initiated this civil action against Defendants City of Oklahoma City *ex rel.* Oklahoma City Police Department, Officers John and/or Jane Does of the Oklahoma City Police Department, and Mary Elizabeth Irene in Oklahoma County District Court. *See* Pet. (Doc. No. 1-2). The matter was removed to this Court in January 2025 pursuant to 28 U.S.C. § 1441. *See* Notice of Removal (Doc. No. 1).

Now before the Court is Defendant Irene's Motion (Doc. No. 22), seeking to stay this matter while certain state-court criminal proceedings against her are pending. *See id.* at 2-6. The crimes of which Defendant Irene is charged in the state-court criminal proceedings stem from alleged acts that also underlie the claims asserted by Plaintiff herein. *See State v. Irene*, No. CF-2024-1210 (Okla. Cnty. Dist. Ct.). Alternatively, Defendant Irene requests that the claims against her be severed from the claims against the other defendants and remanded back to state court. *See* Def. Irene's Mot. at 6.

Defendant City of Oklahoma City *ex rel.* Oklahoma City Police Department has filed a Response (Doc. No. 25), representing that it does not oppose Defendant Irene's request for a stay. Plaintiff also has filed a Response (Doc. No. 26), stating that she does not oppose Defendant Irene's request to the extent it seeks to have the entire case stayed. Both the City and Plaintiff oppose Defendant Irene's alternative request to remand the claims against Defendant Irene to state court. *See* Pl.'s Resp. at 2; Def.'s Resp. at 1-2.

A federal district court's "broad discretion to stay proceedings," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), is inherent in its power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936). The Constitution generally does not require a court to stay a civil case during the pendency of a criminal proceeding "absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). In deciding whether a stay is required by "the "interests of justice," the Court "must consider the extent to which a party's Fifth Amendment rights are implicated." *Id.* Other considerations may also support entry of a stay. *See id.*

Upon review of the parties' submissions, the Court concludes that a stay of this matter is appropriate and in the interests of justice. Specifically, the issues in this case substantially overlap with the issues in Oklahoma County District Court Case No. CF-2024-1210. Further, the Court finds that Plaintiff's interest in the expeditious resolution of this case is outweighed by the significant interest of Defendant Irene in "avoiding the quandary of choosing between waiving [her] Fifth Amendment rights or effectively

forfeiting" this civil case. *Walbridge v. City of Oilton*, 788 F. Supp. 3d 1194, 1199 (N.D. Okla. 2025) (internal quotation marks omitted). Finally, the Court finds that the interests of this Court and the public are served by a stay.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Irene's Motion (Doc. No. 22) is GRANTED.

- Defendant Irene's request for a stay is GRANTED. This case and proceedings herein are STAYED and HELD IN ABEYANCE pending further order of the Court. All pending deadlines and the trial setting are STRICKEN.

- Defendant Irene is DIRECTED to notify the Court in writing of the disposition of the Oklahoma County District Court criminal proceeding, Case No. CF-2024-1210, within fourteen (14) days of the date of that disposition.

- Defendant Irene's Motion for Protective Order (Doc. No. 23) is DENIED as moot.

- Defendants City of Oklahoma City *ex rel.* Oklahoma City Police Department and Irene's Motion (Doc. No. 33) is DENIED as moot.

IT IS SO ORDERED this 30th day of December, 2025.

CHARLES B. GOODWIN
United States District Judge